1, 2, 5, 8. Marcio Batista Oliveira et al. v. William P. Barr. Thank you. May I please the Court? My name is Stephanie Marzouk. I represent Marcio and Deborah Oliveira. May I take four minutes for a vote, please? Yes. Thank you, Your Honor. Our request on appeal in this case is, in essence, very simple. We really want the Board of Immigration Appeals to follow its own published precedent. In this case, the Board ignored its own interpretation of the relevant regulation and inverted the legal analysis in determining that Mr. Oliveira's 2001 labor certification was not approvable when filed. I intend to summarize that presumption as laid out in the Board's 2013 opinion in matter of but, show that the Board and immigration judge simply ignored this presumption in the Oliveira's case without giving any real reason for doing so, and finally explain why this presumption is so critical to this case. The question before the immigration judge was whether the 2001 labor certification served to grandfather Mr. Oliveira and Ms. Oliveira based on the Immigration and Nationality Act, Section 245I. The relevant regulation requires that labor certification to be approvable when filed, and it further describes that term into three requirements. First, the labor certification must have been properly filed. Second, non-frivolous, frivolous meaning that it was patently without substance. And third, that it be meritorious in fact all of the time it was filed back in 2001. In 2013, in this case called matter of but, the Board of Immigration Appeals held that if the first two requirements are met, if the labor certification was properly filed and non-frivolous, then a presumption in favor of the third one applies. The decision in matter of but was actually quite thoughtful and well-reasoned. It distinguishes labor certifications from family visa petitions, gives deference to the Department of Labor's process in determining the labor certification, which is really a prerequisite to a visa petition. Here, the immigration judge explicitly stated that he was declining to find whether the first two requirements were met at all. Instead, he turned directly to the third requirement, the meritorious in fact prong, and required Mr. Olivera to prove evidence that this requirement was satisfied. He repeatedly emphasized that it was Mr. Olivera's burden to prove this third requirement without even finding the first two. Then, the Board of Immigration Appeals rubber-stamped that opinion, essentially quoting matter of but and even stating the presumption in the very next paragraph, just certifying that the immigration judge's opinion was valid without really explaining their decision not to follow but. The facts in but were very similar to Mr. Olivera's case. In but, the Board remanded the case. In Mr. Olivera's case, they did nothing. Even on appeal, there's not much explanation for this departure in the government's brief. Can I ask you something? At what point did you become a counsel in this case? On appeal, so only before this court. Were the actions of the original lawyer brought to the attention of the authorities that were handling this case at any point? My understanding is yes. That was part of the record before the immigration judge that the original attorney was disbarred. Again, he was disbarred not for filing fraudulent labor certifications but for essentially allowing an unlicensed practitioner to practice law under his name in his office. Well, his actions affected this case. I remember the record. Am I correct? They did insofar that there's not much evidence of that initial filing. It wasn't, you know, the labor certification that was filed with the state, Florida, Workforce Development Agency. It wasn't really possible to get a copy of that or many records around that time. And all that was brought to the attention of the immigration? Yes, Your Honor. That was all before the immigration judge. Did they find it to be relevant at all to their conclusions? I believe they did, but really the immigration judge's decision was based on Mr. Oliveira's failure to be able to recount details of his job offer 16 years after the fact. He seemed more concerned with the fact that Mr. Oliveira couldn't remember details of a job that he never actually performed in finding that it was not meritorious in fact. There's really no evidence in the record before the immigration judge or otherwise that there was any fraud in the actual filing of this visa petition. So, again, even though the unlicensed practitioner was working in the attorney's office, again, there's no evidence that this was not a real labor certification application. Was the unlicensed attorney the person who was the owner of the NF business? She was not an owner. She later became an officer of the corporation when it had a different name, but she was not listed as an officer on the corporate filings earlier. Was she related to the business at the time this labor certificate got filed? It seems that she may have been. Again, there's not a lot of evidence in the record. I think Mr. Oliveira does remember that she was involved in some way, but it's unclear what exactly her involvement was. So notwithstanding his inability to remember the details, he did remember that he had never been interviewed, right? He does remember meeting with a Ms. Elaine Bechtinger, who was apparently the unlicensed immigration practitioner, and she did tell him that there was a job offer for him. She reviewed his credentials. She requested information about his prior work history and his education. She provided documents for him to sign, and she did offer him a job in that meeting. And again, it's unclear what her connection with the employer corporation exactly was, whether she was an employee, whether she was acting as an officer if she wasn't one, but she did offer him a job in that meeting, and he consistently testified to that in the hearing. The job offer was made at the attorney's law firm? No, I believe it was a meeting in, I don't recall the location, but it was here in Massachusetts. The attorney was located in Florida. So there was a meeting between Ms. Bechtinger and Mr. Oliveira in Massachusetts, and that's where the job offer was made. Additionally, even though there's, again, Mr. Oliveira can't remember much about that job offer, the form that the employer filed with the Florida Department of Labor, that form is fairly exhaustive. It has a full job description, hours, location of work, the proposed wage, the name of the person who would have been his supervisor. So the employer would have put all of that information into its filing with the state. Just because Mr. Oliveira can't now remember, it doesn't mean that it wasn't a real job offer. Also, this court doesn't really need to reach the facts in this case because our argument, again, is that the immigration judge and the Board of Immigration Appeals did not conduct the correct analysis. The immigration judge explicitly declined to find the facts on the first two prongs. So I don't know that this court needs to get to the facts. That's really for the fact finder to make those determinations. And here in this case, again, because there is not a ton of evidence, it is really important that this presumption be applied properly. The board, again, in this very well-reasoned decision, laid out the reasons for offering the presumption, and then it didn't apply it. So here, really because neither the immigration judge nor the Board of Immigration Appeals followed this published panel decision, the reasoning within it, and gave no explanation as to why this case should be remanded for the correct analysis to happen. If there's nothing further, I'll rest my papers and take my rebuttal time. Yes. Thank you. May it please the court. Todd Cochran on behalf of the Attorney General. The court has denied the petition for review because the agency properly pre-admitted the petitioner's applications for adjustment of status. As a result, Mr. Olivares failed to establish he was a grandfathered alien under 8 CFR section 245.10. He did not establish his labor certification filed on his behalf by NF Business Corporation in 2008. He did not know what NF Business Corporation did. He did not know the details of the job he claimed he was pursuing. He did not receive an interview, and he did not receive a job offer. Due to his failure to carry his burden to show an employer-employee relationship with NF Business Corporation,  Let me ask you, what is the government's position as to the background of this case regarding this lawyer from Florida? Well, I agree with my opposing counsel that there's not a lot of evidence in the record about what was going on there. I know that Mr. Glock... Was this case affected by it in any way? Potentially, but it's the petitioner's burden to show that he qualifies for this form of relief and removal. And he wasn't able to do that. Whether he chose bad counsel or the reason may have been that there's never any sort of motion reopened filed with the agency claiming ineffective assistance of counsel or anything along those lines. So the petitioner does bear the burden to show his eligibility. So maybe it's unfortunate circumstances, maybe it's not. I think it may have impacted it, but the petitioner's crossed the barrier. Is it part of the record? I'm sorry, is the... The situation part of the record? I believe there is some documents in the record about this Mr. Glock... It's mostly testimony from Mr. Oliveira about how he got in contact with this attorney, Mr. Glock, through a friend who said he was working to help people find jobs to stay in the United States. And so he got in touch with this gentleman. Mr. Oliveira testified, I believe, that he thought the labor certification was filed by this Mr. Glock. And later he was contacted by a different attorney that said Mr. Glock had been disbarred or punished in some fashion and that he was taking over some of Mr. Glock's cases. But Mr. Oliveira did not know whatever happened to the labor certification that Mr. Glock... that he was going to file on his behalf. Does he have any remedy along those lines at this point? Does he have any remedy? Does he have any remedy? Regarding the previous attorney? Yes. Well, as I mentioned, the likely ones he could have filed a motion to reopen alleging ineffective assistance of counsel or to potentially put different evidence on the record showing what actually happened there, except the record was rather bare. Would that be feasible? Is he unable to do it at this point? Pardon me, Your Honor? Can he still do it at this point? Well, he could certainly file a motion to reopen. It would be in a timely at this point in time. Also, there's always an opportunity to approach DHS. And if DHS were to agree to a joint motion to reopen, there's an exception to the time limitations as well. So he would have options, I think, if he were to choose which course of conduct he wants to pursue. Thank you. You're welcome. So going back to his failure to carry his burden to show the requisite employer-employee relationship within a business corporation that his labor certification was not a provable wing filed. Because if central evidence supports that decision, he was not a grandfathered alien. He therefore could not adjust his status. I want to address a couple of points my opposing counsel raised. He talked about Ms. Bettinger and her apparent relationship to the business. Again, as a petitioner's burden to raise that, Mr. Oliveira filed a statement saying that he recalled his recollection was refreshed after meeting with her, that she had offered him a job, he thinks. However, he testified at the merits hearing to the contrary. He was asked if he were going to stay in the United States to work for that company, meaning in a business. Mr. Oliveira said, yes, sir. He was then asked if he had no idea what the employment was whatsoever. Mr. Oliveira says, not that I don't know the company, but it was going to give me a job that I was qualified for. Sir, you don't know what the company did, right? No, I don't know. And then he further testified he never actually received a job offer in a business corporation. So the fact that it showed that the labor certification is not notorious in fact when filed, and there actually is a comparison to this court's case, Santana. In Santana, the individuals were seeking a visa petition route to grandfathering themselves in to adjust their status via the petitioner's ex-wife, who was a special religious worker visa that her employer filed on her behalf. That visa was a notice to intent to revoke was issued because there was some shady facts about the lawyer or whoever else who helped him pursue that. She never responded to that. The Employer Assembly of God never responded to that. And they determined because she didn't prove that she had her job info or her employment history, that it was a legitimate meritorious employer-employee relationship, that that was not meritorious in fact. And so the government contends that the Santana case controls in the situation. Now regarding the presumption that the opposing counsel raised, it is true that Butt does set out a presumption of some sort regarding if they could show that the labor certification was non-frivolous and properly filed. Neither of those two criteria are issued here. But there is a qualification to that where it says, that the labor certification was meritorious in fact and was properly filed and non-frivolous so long as a bona fide employer-employee relationship exists, where the employer has the apparent ability to hire the sponsored alien. Well, if the company never met with Mr. Oliveira and never interviewed him, because they have the ability to hire him, the government contends that it is not, and therefore it is not meritorious in fact. And I'd like to get your view on one thing. Setting aside the very last point that you made, I take that point. But I'm not sure that I accept the presumption and burden shifting approach that opposing counsel has adopted, but it's plausible and we may want to go that far. It would seem to be somewhat inconsistent with some of our earlier cases, Tacuna and Echeverria. So if we wanted to follow but and we wanted to accept counsel's assessment of but and apply that, is there anything that would prohibit us from doing that? Does a lot of the circuit doctrine prevent us from moving away from the more holistic approach of those cases? Because after all, when we decided those cases, we did not have the benefit of but. Yes. Well, the government would contend that the law, the circuit doctrine, would control, as precedential in the situation here. And it's also, frankly, a common sense approach, meritorious in fact. If you look at the circumstances that happened in Mr. Oliveira's situation, I think to a reasonable individual it doesn't appear to be meritorious that he knew nothing about it, didn't interview, didn't get a job offer. So I think that the court's well-reasoned precedent would still control here, Your Honor. All right. And if the court has no further questions, the government will rest on its papers. Thank you. Thank you. Thank you. So, Judge Toyoiya, I want to go to your question about a remedy. It's our position that a remedy isn't required because this labor certification was properly filed. We have a receipt notice from the Florida Workforce Agency showing that it was completed, it was filed, it was accepted for filing and given a date. And that is proof that it was properly filed. It's also proof that it was not frivolous, meaning not patently without substance. It also sounds like the government is conceding that those two prongs have been met in this case. And I agree with that. So, I mean, just flesh that out a little bit more, because you're saying by mere virtue of the fact that it was accepted for filing? Yes, Your Honor. If it wasn't appropriate, would it have not been accepted? That's correct, Your Honor. So if you look at the reasoning, again, it explains kind of this Department of Labor process, which is not covered by Department of Homeland Security or Legacy INS. They would only accept the form if it were, you know, the proper form, if it were completed, if it had all the required signatures and information and supporting documents, and if it were filed in the proper time. All of those things are required. It's not that they just date stamp everything that comes in the door. They do a review process. And that's why these first two prongs are shown by that receipt notice, because they did do some process when they received it. But would they have reviewed the validity of the corporation? I don't think the validity of the corporation was in question. So at the time of filing, the Department of Labor themselves had said that there's no way to know whether that petition would be successful, whether that application would be successful. It's really a negotiation as the labor certification process goes along with the employer to work out all the details of the job and kind of hash out the details there. So at the time of filing, they would just check to make sure that all the information is there. And with regard to non-frivolous versus meritorious, in fact, they do sound very similar, but non-frivolous being something that is not patently without substance is a lower bar to meet than meritorious, in fact. And that's another reason why I think this presumption is so important. Judge Howard, I did want to get to your question as well about the prior precedents. Many of the prior cases— Actually, but itself requires a bona fide employer-employee relationship, right? So there's that additional information that is not cited in the regulation. The regulation itself only requires a bona fide job offer, not an employment relationship. There's no requirement that the proposed employee be actually working at the employer at the time. It's really just a job offer, a prospective test. So we shouldn't follow that quotation from Butt. I think what they mean is that an employer relationship is a bona fide job offer. You know, I think that that is— Just put that gloss on. Right. Okay. And additionally, I think you could read it as those are not additional requirements that a respondent must prove, but rather examples of ways that that presumption could be rebutted. But to get to your question about the previous precedents, many of the cases in the circuit have dealt with visa petitions, which are entirely within the purview of Department of Homeland Security. They are not required to have this prerequisite of a Department of Labor determination. And Butt distinguishes those processes very clearly. Additionally, the case that you cited, I think it was DeCuna, the employer was actually unable to lawfully employ anyone, and so that is a distinguishing factor from this case. The facts in this case are much more like the facts in Butt, and in that case, the agency did remand. So I really think that none of the precedents in this court are on point,  Thank you both. All rise.